IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CR-549-RWG-SRW |
| | ) | |
| CECIL WAYNE TURNER | ) | |

## **ORDER**

The Government charges Cecil Wayne Turner ("Defendant") with distribution of marijuana, 21 U.S.C. § 841(a)(1), possession of marijuana with intent to distribute, *id.*, and possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). ECF No. 1.

Plaintiff United States (the "Government") filed five motions in limine. ECF Nos. 14, 15, 16, 17, 21. The Government's motions seek to (1) preclude inquiry into arrests and other generic "bad acts" of government witnesses, (2) preclude the defendant from raising his potential punishment and/or lack of criminal history, (3) preclude the use of improper "good character" evidence at trial, (4) preclude any evidence not provided in discovery, and (5) preclude improper questioning, evidence, or argument. For the reasons discussed below, the court denies the Government's motions as premature. ECF Nos. 14, 15, 16, 17, 21.

Because the Government points to no specific evidence sought to be introduced by Defendant, the court cannot say whether that evidence is being used for a proper or improper purpose. Courts in this circuit consistently reject such premature efforts, as this court does now. *See, e.g., Bodden v. Quigley*, No. 13-CV-21834, 2014 WL 5461807, at *1 (S.D. Fla. Oct. 27, 2014) (rejecting multiple motions in limine as "premature because they concern evidentiary matters that are more appropriately left for the Court to address, if necessary, at trial."); *Thompkins v. Lil' Joe Records, Inc.*, No. 02-61161-CIV, 2003 WL 25719229, at *2 (S.D. Fla.

Dec. 3, 2003) ("Until the nature of such testimony is known, this motion [in limine] is premature."); *CSX Transportation, Inc. v. PSL N. Am., LLC*, No. 2:13-CV-00982-RDP, 2015 WL 9181107, at *5 (N.D. Ala. Dec. 17, 2015) ("First, it is not even clear whether Plaintiff intends to offer the report at trial. Second, if Plaintiff opts to offer the report, it should be given an opportunity to lay a proper foundation for its admission. Defendant's Motion [in limine]. . . is premature."). In short, this court will not exclude evidence of which it is unaware.

At bottom, the Government's motions merely seek a restatement of the status quo. *See United States v. Fuentes-Flores*, No. 2:14-CR-66-FTM-38, 2015 WL 248620, at *2 (M.D. Fla. Jan. 20, 2015) (denying motions to preclude a defendant from raising potential punishment and jury nullification because these requests "are not motions in limine, but are . . . tenets of basic fundamental trial procedure."). To illustrate, the Government seeks to preclude Defendant from introducing "improper" good character evidence and "improper" questioning, evidence and argument. ECF Nos. 16, 21. But "improper" evidence is by definition inadmissible evidence and, thus, no court order is required to preclude its use at trial.

The case law cited by the Government in support of its motions concerns rulings that were made at trial and were based on the proffered evidence and relevant context. *See, e.g.*, ECF No. 15 at 2 (citing *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013)); ECF No. 21 at 2 (citing *United States v. Carmichael*, 373 F. Supp. 2d 1293, 1297 (M.D. Ala. 2005)). The court intends to make evidentiary rulings in the same manner.

Accordingly, it is ORDERED that the Government's motions to (1) preclude inquiry into arrests and other generic "bad acts" of government witnesses, (2) preclude the defendant from raising his potential punishment and/or lack of criminal history, (3) preclude the use of improper "good character" evidence at trial, (4) preclude any evidence not provided in discovery, and (5)

preclude improper questioning, evidence, or argument, ECF Nos. 14, 15, 16, 17, 21, are DENIED.[1]

DONE this 26th day of April, 2017.

                                                /s/ Richard W. Goldberg
                                                RICHARD W. GOLDBERG
                                                UNITED STATES JUDGE

---

[1] To be clear, in denying the Government's motions as premature, the court does not grant the Defendant permission to raise improper arguments or evidence. Specifically, the court notes that Defendant "concedes that precedent supports the Government's position on [raising potential punishment]" and yet Defendant insists that nonetheless he "will seek to inform the venire and the jury selected from that venire of the punishment he faces if convicted" of possession of a firearm during a drug trafficking crime. ECF No. 25 at 1. The law is clear that a jury is not to consider the issue of potential punishment. *See United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991). Defendant will of course not be permitted to violate this rule without first showing that an exception exists and that his intended statements to the jury fit the exception.